## CIRCUIT COURT OF FAIRFAX COUNTY

Bejjani

v.

Potomac Business
Investments, Inc.

September 18, 1989

Case No. (Law) 91655

By JUDGE ROSEMARIE ANNUNZIATA

Having considered the pleadings and after hearing oral argument, the Court has reached a decision regarding plaintiff's and defendant's respective demurrers. Defendant's demurer to Counts I and II of plaintiff's Motion for Judgment is denied, but sustained as to count III. Plaintiff's demurrer to Count I of defendant's Counterclaim is sustained. A decision on Count IV of plaintiff's Motion and Count II of defendant's Counterclaim is reserved pending receipt of Counsels' briefs.

As to Count I of plaintiff's Motion for Judgment, defendant's demurrer is denied. The contract entered into by plaintiff and defendant (dated May 15, 1989) sets forth an agency relationship between plaintiff (principal) and defendant (agent). Defendant's alleged failure to return plaintiff's earnest money deposit when requested to do so by plaintiff sets forth a cause of action based on breach of defendant's fiduciary duty to follow the instructions of its principal. *See First Wisconsin Nat. Bank of Milwaukee v. People's Nat. Bank of Rocky Mount, Va.,*

136 Va. 276, 119 S.E. 82 (1923); *Howatt v. Davis*, 19 Va. (5 Munf.) 34 (1816).

Defendant's demurrer to Count II of plaintiff's Motion for Judgment is also denied. However, since a court of equity is the proper forum to hear a principal's bill seeking an accounting by his agent, and *Bain v. Pulley*, 201 Va. 398, 402-403 (1959), in accordance with Va. Code Section 8.01-270, plaintiff is ordered to submit an order to transfer the case to equity, as amended to conform to the style of equity.

Defendant's demurrer to Count III of plaintiff's Motion for Judgment is sustained. In essence, this count duplicates the claim of Count I that defendant breached his fiduciary duty by failing to return plaintiff's earnest money deposit.

Plaintiff's demurrer to Count I of defendant's Counter-claim is sustained. Count I of defendant's Counter-claim alleges insufficient facts to sustain any action for breach of contract and fails to state with the required particularity any other cognizable claim. *See*, Va. Supreme Ct. Rule 1:4 (1988).